UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KEVIN LAMAR GREEN,

    Defendant.

Case No. 3:20-cr-15

District Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT'S INITIAL AND RENEWED MOTIONS FOR COMPASSIONATE RELEASE AND HIS REQUEST FOR HOME CONFINEMENT**
**(Doc. Nos. 50, 58)**

---

This case is before the Court on Defendant Kevin Lamar Green's ("Green") motion for compassionate release. Doc. No. 50. Green is currently incarcerated in the Bureau of Prisons ("BOP") Federal Correctional Institute in Hazleton, West Virginia ("FCI Hazleton").[1] Doc. No. 59 at PageID 165. Green, through his appointed counsel,[2] filed a memorandum and renewed motion for compassionate release (also requesting immediate release on home confinement) after the Court requested additional briefing. Doc. No. 58. The Government opposes both of Green's motions (Doc. No. 59), so this matter is ripe for review.

---

[1] Green was previously incarcerated in the BOP's Federal Correctional Institute in Beckley, West Virginia, but he has since been transferred. Doc. No. 59 at PageID 165.

[2] Green filed his initial motion *pro se*. Pursuant to Southern District of Ohio Amended General Order 20-21, the Court assigned this case to the Office of the Federal Public Defender for the Southern District of Ohio ("Federal Public Defender"). When the Federal Public Defender was unable to undertake Green's representation, the Court appointed a member of the Southern District of Ohio's Criminal Justice Act Panel to represent Green. That counsel filed the renewed motion.

**I.**

On February 23, 2020, the Government filed an Information against Green, charging him with being a felon in possession of a firearm. Doc. No. 27. Green's previous felony convictions included, *inter alia*, attempted bank robbery, assault, and aggravated robbery. *See* Doc. No. 35 at PageID 87; Doc. No. 36 at PageID 90; Doc. No. 59 at PageID 179. Green pled guilty to the felon-in-possession charge and Judge Cole, to whom this case was previously assigned, sentenced him to a 27-month-term of imprisonment. Doc. No. 42.

Green attached to his initial motion his positive test for COVID-19 on November 27, 2020. Doc. No. 50-1 at PageID 146. Green alleges that he sent his request to the warden as required, but never received a response. Doc. No. 50 at PageID 145. In support of his initial and renewed motions, Green cites his earlier COVID-19 status, clinical obesity, heart murmur, and bronchitis. Doc. No. 58 at PageID 161. Moreover, he alleges that the allegedly unsanitary conditions at FCI Hazleton increase the likelihood that he will be reinfected with COVID-19. *Id.*

The Government responds that Green received one dose of the Moderna COVID-19 vaccine and that he has not established his medical conditions warrant compassionate release. Doc. No. 59 at PageID 169–78. Additionally, the Government argues that Green failed to exhaust his administrative remedies, but urges the Court to decide the issue on the merits. *Id.* at PageID 169.

**II.**

"[F]ederal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (cleaned up). But there is an exception -- compassionate release under 18 U.S.C. § 3582(c)(1)(A). "To qualify for compassionate release, a defendant must show that 'extraordinary and compelling reasons warrant such a reduction,' and the district court must consider the

2

§ 3553(a) sentencing factors to the extent they are applicable." *United States v. Bass*, 17 F. 4th 629, 635 (6th Cir. 2021) (first quoting 18 U.S.C. § 3582(c)(1)(A); and then citing *Ruffin*, 978 F.3d at 1004).[3]  For the following reasons, Green has not satisfied this standard.

### A. Green Has Not Exhausted His Administrative Remedies.

A defendant can bring a compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).  To meet the exhaustion requirement, the defendant must fully appeal the warden's denial of compassionate release.  *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020); 28 C.F.R. §§ 542.13–.15.  This is a "mandatory" requirement, which "bind[s] the court only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).  A defendant bears the burden to show administrative exhaustion.  *United States v. Poole*, 472 F. Supp. 3d 450, 455 (W.D. Tenn. 2020).

The Government argues that Green has not met this burden.  Doc. No. 59 at PageID 169.  The Court concurs.  Green only contends that he has sent the FCI Hazleton warden a request but did not include in his two motions anything proving that the request was received and considered by the warden, or that the motion was denied by the BOP and timely appealed.  Doc. No. 58 at PageID 159.  Thus, his failure to prove administrative exhaustion merits denial of his motion.  *See, e.g.*, *Alam*, 960 F.3d at 833–34; *Poole*, 472 F. Supp. 3d at 455.  However, the Government's waiver

---

[3] The third requirement "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" does not apply if an inmate, rather than the BOP, files the compassionate release motion.  *See United States v. Owens*, 996 F.3d 755, 759 n.2 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Green filed the motion, so this requirement does not apply.  *See* Doc. Nos. 50, 58.

of this requirement allows the Court to proceed on the merits. *See Alam*, 960 F.3d at 834 (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

### B. Green Does Not Show "Extraordinary and Compelling" Reasons For Release.

Assuming, *arguendo*, that Green satisfied the administrative exhaustion requirement, his motion also fails on the merits. An "extraordinary and compelling" reason supporting compassionate release includes "a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. app. n. 1(A)(I). Courts can define these circumstances "on their own initiative." *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (citations omitted). "[A] defendant's incarceration during the COVID-19 pandemic -- when the defendant has access to the COVID-19 vaccine -- does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Green received one dose of Moderna's COVID-19 vaccine. Doc. No. 58 at PageID 158. This severely reduces his risk of reinfection, and his incarceration during the pandemic cannot "warrant[] a sentence reduction." *Lemons*, 15 F.4th at 751; *see also United States v. Olive*, --- F. Supp. 3d ---, No. 3:12-cr-00048, 2021 WL 4311218, at *3–4 (M.D. Tenn. Sept. 22, 2021) (denying compassionate release to vaccinated prisoner). Likewise, Green has not shown that his obesity, bronchitis, and heart murmur are serious enough to justify release because he can still "provide self-care" in prison. U.S.S.G. § 1B1.13. app. n. 1(A)(I); *cf. United States v. Willis*, 382 F. Supp. 3d 1185, 1189 (D. N.M. 2019) (denying release for defendant whose extensive medical issues gave him less than eighteen months to live). Additionally, Green survived his previous bout with COVID-19 despite his obesity, bronchitis, and heart murmur, so this further undermines his claim.

4

*See Olive*, 2021 WL 4311218, at *4. Green nonetheless argues that his health conditions, coupled with COVID-19's prevalence, mandate his release. But "[t]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" *Lemons*, 15 F.4th at 749 (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021)) (citing *United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021)).

Because Green presently faces no severe risk from COVID-19, his health, the chance of reinfection, and COVID-19's spread are neither extraordinary nor compelling reasons for release.

### C. The § 3553(a) Factors Weigh Against Green's Early Release.

Even assuming, *arguendo*, Green has shown "extraordinary and compelling" circumstances, he must identify factors under 18 U.S.C. § 3553(a) that support his release. Green points to "the nature and circumstances of the offense and the history and characteristics of the defendant" as a justification, arguing that his non-violent offense, familial obligations, and service of two-thirds of his sentence merit relief. Doc. No. 58 at PageID 162. The Court disagrees.

The Court "has substantial discretion" to weigh the § 3553(a) factors. *Ruffin*, 978 F.3d at 1005. These factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant . . ." and "the need for the sentence imposed -- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to protect the public from further crimes of the defendant . . . ." 18 U.S.C. §§ 3553(a)(1), (2)(A)–(C).

In addition to the factors discussed above, Green's long criminal history and the nature of his offense outweigh any need for immediate release. Doc. No. 35 at PageID 87; *see also Ruffin*, 978 F.3d at 1009 (affirming denial of compassionate release motion because defendant's criminal history supported denial). Green committed several violent crimes before his current felony

conviction and was on probation for an earlier offense when he was arrested and convicted for the instant felony. Doc. No. 35 at PageID 86–87.  He has a significant level of criminal history and has demonstrated a pattern of disrespect for the law.  *See United States v. Greene*, 847 F. App'x 334, 337 (6th Cir. 2021) (affirming denial of compassionate release motion based on criminal history).   Moreover, Green's offense -- passing out in a drive-thru line with a loaded firearm -- further illustrates his potential for public harm, notwithstanding his medical issues.  *See United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (affirming denial of motion for compassionate release due to weight of underlying offense).  Thus, the § 3553(a) factors weigh against his release.

### D. The Court Has No Jurisdiction to Order the BOP to Place Green on Home Release.

Green asks the Court, in the alternative, to allow him to serve the remainder of his sentence on home incarceration.  Doc. No. 58 at PageID 157.  The BOP controls inmate placement.  *See Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1079 (7th Cir. 2021).  Thus, the Court cannot grant home detention in this case because it lacks jurisdiction to do so.  *See* 18 U.S.C. § 3624(c)(2); *United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020).

### III.

Accordingly, Green's two motions, and his request for home confinement, are **DENIED**.

**IT IS SO ORDERED.**

  January 10, 2022                                      s/Michael J. Newman
                                                                     Hon. Michael J. Newman
                                                                     United States District Judge